J-S87031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY BECKETT | |
| Appellant | No. 1980 MDA 2015 |

Appeal from the PCRA Order October 23, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003393-1991

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED DECEMBER 08, 2016**

Harry Beckett appeals *pro se* from the trial court's order dismissing his "State Writ of Habeas Corpus," which the trial court treated as a serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  Beckett's claim has been previously litigated, is patently untimely and does not meet a time-bar exception under the PCRA.  Thus, we affirm.

In November 1992, a jury convicted Beckett of first-degree murder; he was sentenced to life in prison.  This Court affirmed Beckett's judgment of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See Commonwealth v. Hackett***, 956 A.2d 978 (Pa. 2008) (both PCRA and state habeas corpus statute contemplate that PCRA subsumes writ of habeas corpus in circumstances where PCRA provides remedy for claim); ***see also***  42 Pa.C.S. § 9542.

sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal. Beckett filed three separate PCRA petitions, each of which was dismissed. This Court affirmed each dismissal. In January 2014, Beckett filed a motion for relief in the form of two letters sent to the PCRA court judge. The court dismissed the motion, treating it as a serial PCRA petition, and ruled that it did not set forth any grounds upon which the court could provide relief. On appeal, our Court affirmed the dismissal in January 2015, finding the motion was time-barred and that Beckett did not raise any exceptions to the PCRA's time limitation.

On May 21, 2015, Beckett filed the instant "Writ of Habeas Corpus" alleging that newly-discovered facts proves his innocence in connection with his murder conviction. Specifically, Beckett avers that he has new evidence from the Department of Veteran Affairs establishing that he suffered from a physical disability that would have made it impossible for him to carry out the crime. On August 25, 2015, the trial court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Beckett's petition. Beckett filed a response on October 21, 2015. The court dismissed his petition on October 23, 2015. This appeal follows.

In the current petition, Beckett raises the same newly-discovered facts claim that he asserted at trial, in prior PCRA petitions, and on collateral appeal; thus, it is previously litigated. *See* 42 Pa.C.S. § 9544(a)(3). However, even if the claim were not previously litigated, Beckett's petition is

patently untimely and he does not plead and prove a timeliness exception.[2]
**See** 42 Pa.C.S. § 9545(b)(1).[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2016

---

[2] Beckett has attached a letter from the VA Department, his certificate of discharge from active duty, and notes from a peripheral nerve examination from a VA medical center all indicating that he has "regional pain syndrome" which is exhibited by weakened grip strength, decreased strength in mobility, tremors of the upper extremities, and numbness. However, as the Commonwealth points out, this diagnosis constituted the medical reason for his discharge from the military in 1991 – thus, it is not "newly" discovered.

[3] We, herein, deny Beckett's *pro se* "Emergency Leave of the Court" motion asking this Court to deem the District Attorney's brief as moot. The motion is indecipherable and, as stated, he is entitled to no relief as he has not established that the trial court had jurisdiction over his untimely petition.